## INTERIOR LUMBER COMPANY v. ARTHUR A. APPLEBY AND OTHERS.[1]

January 24, 1930.

No. 27,643.

H. C. West and *Henry Spindler*, for appellant.
*George Beaverson* and *James I. Best*, for respondent.

WILSON, C. J.

Defendant Bannochie appealed from an order denying his motion for a new trial.

Bannochie owned a lake resort. He sold it on contract for deed to defendant Appleby for $25,000 upon which $5,000 was paid. The insurance was payable to Bannochie. The main building burned.

[1]Reported in 228 N. W. 934.

The insurer paid $9,400, $6,800 being applied on the contract, and Appleby, receiving $2,600 thereof, proceeded to rebuild. There is a balance of $739.15 due plaintiff for material which it sold Appleby therefor. The other defendants guaranteed the account. Plaintiff sued to recover on the guaranty and to foreclose a mechanic's lien which it filed against the property involved.

Bannochie sought to place the premises beyond the reach of mechanic's liens. He claims to have complied with G. S. 1923 (2 Mason, 1927) § 8495, which provides that one in his situation may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof written notice that the improvement is not being made at his instance, or by posting like notice and keeping the same posted in a conspicuous place on the premises. He served and posted the notice on May 16, 1923, but he is met by the claim that he did this too late, that is, more than five days after knowledge, etc. He lived on adjoining property. He knew when Appleby received the insurance money that the building was to be restored. Plaintiff sold its material to Appleby on May 14, 1923, and began deliveries thereof on the same day. The testimony of Appleby is to the effect that the improvement was actually commenced on May 1, 1923, and that Bannochie resided nearby and knew on May 1, 1923, that the improvement was then commenced. Bannochie himself testified as follows:

Q. "You were living right next door to this property, were you not?

A. "About a block and a half away.

Q. "On adjoining property?

A. "Yes, sir.

Q. "So you could see what was going on on the property in question?

A. "Yes, sir.

Q. "Who was the contractor?

A. "A man by the name of Carlson.

Q. "Is it not a fact that Carlson was there in April working on the building and putting in some partitions?

·A. "They came there in April and worked until the lumber was all gone."

Upon the trial Bannochie also testified that he had no knowledge of the improvement prior to May 14, 1923. If so his notice was effective.

Thus the record presented a question of fact as to whether Bannochie did serve and post the notice "within five days after knowledge thereof." The failure of the court to find that he did so is construed by us as the equivalent of a finding that Bannochie failed to establish his contention. We think the record supports the court's finding.

Affirmed.